UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEFF L. KAMPE,

        Plaintiff,

        v.          Case No. 09-C-0888

MICHAEL J. ASTRUE
Commissioner of Social Security,

        Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)(1)(A) (DOC. 15)

Plaintiff, Jeff L. Kampe, has filed a motion seeking $6,056.77 in fees and $350 in costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner does not assert that his litigation position in this case was substantially justified or that the number of hours spent by plaintiff's counsel was unreasonable. Rather, the Commissioner opposes the request on the ground that counsel has not established entitlement to an enhanced rate above the statutory rate of $125 per hour. For the reasons set forth below, plaintiff's motion will be granted.

Under the EAJA, a prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The party's motion must be supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of

attorney's fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). The statute sets a cap of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Commissioner relies on *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011), for its holding that increase in the hourly rate based on an increase in the cost of living "is not automatic." *Id.* at 565. He argues that the plaintiff must show that, without the cost of living increases, "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such case." *Id.*

In *Matthews*, the Seventh Circuit explained:

> The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor. If he points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an entitlement to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

Id. at 563 (citations omitted). The Seventh Circuit cautioned that because the cost of living special factor is not automatic, it may appear that the two enumerated special factors merge and the lawyer arguing for a cost of living increase must show limited availability of lawyers able to handle such a case. *Id.* at 565. However, that is incorrect. *Id.* For

2

example, when inflation is not a factor, the lawyer does have to show that there is something special about the particular type of case that justifies the higher fee. *Id.*

In applying *Matthews*, courts have struggled with the type of evidence that is required and at least one court has concluded that the meaning of *Matthews* is not clear. *Amey v. Astrue*, 2012 WL 4738985 at *3 (N.D. Ill. Oct. 2, 2012)(citing *Claiborne ex. rel. L.D. v. Astrue*, 2012 WL 2680777 at * 3 (N.D. Ill. July 6, 2012). It appears that the Seventh Circuit intended to separate the two special factors; however, the appeals court went on to say that "on remand the plaintiff's lawyer will have to show that without a cost of living increase that would bring the fee award up to $170 per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such case." *Id.* at 565.

At a minimum, there must be some basis to justify an increase in fees from the $125 statutory fee because inflation affects "different markets, and different costs in the same market, in different ways." *Id.* at 563. Plaintiff's counsel argues that inflation is a factor citing the Consumer Price Index for the Midwest region reflecting an increase from 151.70 in March of 1996 to 205.613 in December of 2009. The increase applied to the $125 per hour limit on EAJA fees set in March 1996 amounts to an adjusted hourly rate of $169.42 per hour (a 36% increase). In addition, plaintiff's counsel has filed an affidavit indicating that rents in New York City has increased by 68% from 1996, electricity has increased by 89%, mail delivery has increased by 40.6%, and the collective bargaining agreements covering his employees have resulted in an increase of 87.229% in labor costs. The billing rate of the firm increased from $225 to $450. While counsel has not demonstrated that

3

the inflation is the sole reason for the increase and the court is mindful that the costs of litigating are higher in New York versus Milwaukee, counsel is not seeking New York hourly rates. Indeed, the court finds that plaintiff has established entitlement to an increased rate based on inflation, and properly set forth a means of calculating that rate. Now, therefore,

IT IS ORDERED that plaintiff's motion for attorney fees and costs is granted.

IT IS FURTHER ORDERED that plaintiff is awarded $6,056.77 in fees and $350 in costs. The sum shall be paid to plaintiff and not her attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify plaintiff owes no pre-existing debt subject to offset, the defendant shall direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by plaintiff and counsel.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE